MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 12-991-PHX-DGC (DKD) |
| Plaintiff, | No. CR 09-1366-PHX-DGC |
| v. | **ORDER** |
| Juan Francisco Quinonez-Ruiz, | |
| Defendant/Movant. | |

On May 11, 2012, Movant Juan Francisco Quinonez-Ruiz, who is confined in the Corrections Corporation of America's Torrance County Detention Facility in Estancia, New Mexico, filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C & 2255)." In a May 21, 2012 Order, the Court denied the Motion because it was not filed on a court-approved form and gave Movant 30 days to file an amended § 2255 motion on a court-approved form. On June 15, 2012, Movant filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 4). The Court will summarily dismiss the Amended Motion.

**I.      Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1). On February 1, 2010, the Court sentenced Movant to a 6-month term of imprisonment, followed by 3 years on supervised release.

Movant was released from prison on April 5, 2010.  On June 16, 2010, the United States Probation Office filed a Petition to Revoke Supervised Release.  On June 28, 2010, the Court revoked Movant's probation and committed him to the custody of the Bureau of Prisons for 9 months, followed by 27 months on supervised release.  This commitment ran consecutive to a 90-day sentence imposed in 10-PO-28983-TUC-DTF for illegal entry.

Movant was released from prison on April 8, 2011.  On January 20, 2012, the United States Probation Office filed a Petition to Revoke Supervised Release.  On May 3, 2012, the Court revoked Movant's probation and committed him to the custody of the Bureau of Prisons for 9 months.  This commitment runs consecutive to a 15-month sentence imposed in 12-CR-189-PHX-DGC for Reentry of Removed Alien.

Movant seeks a 50% reduction of his sentence, claiming that his family needs him, he needs to provide for his family and is unable to do so while incarcerated, he would like to be with his son who just received an eye surgery, and he will be a better person and will not illegally return to the United States.

**II.     Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  When this standard is satisfied, neither a hearing nor a response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

**III.    Waiver**

Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights."  United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption

1  against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d
2  1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and
3  unequivocal.
4        Plea agreements are contractual in nature, and their plain language will generally be
5  enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,
6  398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a
7  § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431,
8  433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only
9  claims that cannot be waived are claims that the waiver itself was involuntary or that
10 ineffective assistance of counsel rendered the waiver involuntary. See Washington v.
11 Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the
12 right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an
13 ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,
14 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel
15 erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,
16 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective
17 assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4
18 (declining to decide whether waiver of all statutory rights included claims implicating the
19 voluntariness of the waiver).
20       "Collateral attacks based on ineffective assistance of counsel claims that are
21 characterized as falling outside [the category of ineffective assistance of counsel claims
22 challenging the validity of the plea or the waiver] are waivable." United States v.
23 Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396
24 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth
25 Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and
26 knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack,
27 in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel
28 during sentencing.").

As part of a plea agreement both covering the January 20, 2012 Petition to Revoke Supervised Release and 12-CR-189-PHX-DGC, Movant made the following waiver:

> Providing the defendant's sentence and disposition are consistent with this agreement, the defendant **waives** . . . (2) **any right to file an appeal, any collateral attack,** and any other writ or motion that challenges the conviction, . . . the entry of judgment against the defendant, or any aspect of the defendant's sentence or disposition, including the manner in which the sentence or disposition is determined, **including but not limited to any . . . motions under 28 U.S.C. §§ 2241 and 2255.** The defendant acknowledges that if the Court has sentenced the defendant and imposed disposition according to the terms of this agreement, **this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence or disposition in this case.**

(Doc. 27 in 12-CR-189-PHX-DGC) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. 27 in 12-CR-189-PHX-DGC).

Movant's assertions in his Amended § 2255 Motion all pertain to sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his Amended § 2255 Motion. Thus, the Court will summarily dismiss the Amended § 2255 Motion. Accordingly,

**IT IS ORDERED:**

(1)   The Clerk of Court must **terminate** Doc. 42 in CR 09-1366-PHX-DGC.

(2)   The Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 4 in CV 12-991-PHX-DGC (DKD)) is **denied** and the civil action opened in connection with this Motion (CV 12-991-PHX-DGC (DKD)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(3)   Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because

- 4 -

1  reasonable jurists would not find the Court's procedural ruling debatable. See Slack v.
2  McDaniel, 529 U.S. 473, 484 (2000).
3        DATED this 16th day of July, 2012.

_____
David G. Campbell
United States District Judge